IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **COHEN ANDRE MARQUIS TRUST,** aka Andre Marquis Cohen, aka Rabbi Kohan El-Bey Ali, | ) ) ) ) | CASE NO. 1:23-cv-1939 JUDGE DAVID A. RUIZ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **STATE OF OHIO,** | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Andre Marquis Cohen aka Rabbi Kohan El-Bey Ali aka the Cohen Andre Marquis Trust filed this action against the State of Ohio. The Complaint is composed almost entirely of incoherent, illogical rhetoric. It appears he is attempting to challenge his September 2022 conviction in the Lorain County Court of Common Pleas, but he does not assert any legal claims, nor does he identify the relief he seeks. Upon due consideration, the action is dismissed for the following reasons.

I. Background

Plaintiff's Complaint contains sparse factual allegations. He titles the pleading as a "First Amendment Petition for Abatement." He states that his Petition is in regard to No. 19CR101341, which the Court construes as a reference to a criminal case against Plaintiff. *See State of Ohio v. El-Bey Ali*, No. 19CR101341 (Lorain Cty Comm. Pl Ct. Dec. 28, 2022). The Docket in that case indicates Plaintiff pled guilty to charges of tampering with evidence, carrying a concealed weapon, and improper handling of a firearm. He was sentenced to 18 months of community control.

Although his pleading is very difficult to comprehend, it appears Plaintiff is challenging his criminal conviction, claiming the state court lacked jurisdiction over him because they wrote his name in all capital letters. Plaintiff states that, in this action, he is entering a ministerial appearance as the flesh and blood live man, heir and beneficiary without the protection of an executor, trustee or administrator of the decedent's legal estate by the authority of the First Article of the United States Constitution to petition the court. He insists that his name is now Rabbi Kohan El-Bey Ali, not Andre Marquis Cohen. He appears to suggest that a criminal or civil complaint listing any of his names or aliases in all capital letters or one which identifies him as Andre Marquis Cohen is not effective to establish jurisdiction over him. He claims he therefore is "not the primary liable surety for the account, 19CR101341." R. 1 at PageID#: 2. He states, "if the complainant or accuser has any claim or argument against me, it can bring a complaint or accusation against my real name, in a court of law (not by an administrative court which only has jurisdiction over corporations and other fictions), by placing an affidavit of a live injured party on the record of the court to invoke a civilian due process jurisdiction of the court." *Id.* He states that his "objections herein will make it possible for the complainant or accuser to issue a corrected writ, which is the primary purpose of matters in abatement." *Id*. He asks this Court to "abate this military jurisdiction proceeding." *Id.* He states that he releases the Court from "all military obligations to give military process, … indemnif[ies] all officers of the court for not giving military process and accept[s] all officers' oaths to the Constitution on special deposit." *Id*.

## II.     Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, Plaintiff has not established a basis for federal subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have granted federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Broadway Avenue in Cleveland, Ohio. R. 1-4, PageID# 10. The Defendant in this action is the State of Ohio. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, involves parties who lack diversity. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Although Plaintiff cites 42 U.S.C. § 1983 on the Civil Cover Sheet, this is the only place the statute is mentioned. In the twenty-seven other pages of his "complaint", Plaintiff does not assert any cause of action, much less one arising under federal law. Plaintiff does not cite to any federal statute giving this Court jurisdiction to overturn his state court conviction, and no grounds for jurisdiction are apparent on the face of the pleading. His reference to the right of Access to the Courts under the First Amendment is not sufficient to confer jurisdiction on this Court to review a state court judgment.

Plaintiff has also filed a Motion to amend his complaint (R. 8), which seeks to add eighteen state and local governmental entities and individuals, who the Court construes as Ohio residents, and includes general references to alleged violations under 18 U.S.C. §§ 161 and 162, also known as the RICO Act. The Court has duly considered Plaintiff's Motion to amend his complaint, finds it fails to state any conceivable and plausible claim for relief, and denies the Motion. In considering the proposed amended complaint, Plaintiff has not included any factual allegations alleging any conduct actionable under 18 U.S.C. § 162, and merely alleges bald legal conclusions devoid of any factual support along with a recitation of elements of a cause of action. Therefore, Plaintiff has failed to state a claim that meets the required pleading standard delineated above. *See Bell Atl. Corp.*, 550 U.S. at 555 (explaining that the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level).

### III.  Conclusion

Plaintiff's Motion to amend his complaint (R. 8) is denied, as amendment would be futile, and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e) and failure to state a claim, for the foregoing reasons. Accordingly, Defendant State of Ohio's

Motion to Dismiss (R. 12) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

September 24, 2024                                          *s/ David A. Ruiz*
                                                                                David A. Ruiz
                                                                                United States District Judge